### In the Matter of Donald B. STEININGER.

### No. 02S00–8806–DI–577.

Supreme Court of Indiana.

Nov. 28, 1989.

Walter P. Helmke, Fort Wayne, for respondent.

Linda K. Barnard, Staff Atty., Indiana Supreme Court Disciplinary Com'n, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

### PER CURIAM

This proceeding is before the Court on a single count verified complaint filed by the Disciplinary Commission of this Court charging the Respondent, Donald B. Steininger, with professional misconduct. Specifically, the Respondent has been charged with engaging in illegal conduct involving

moral turpitude, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, engaging in conduct that is prejudicial to the administration of justice, and engaging in conduct that adversely reflects on his fitness to practice law, in violation, respectively, of Discipline Rules 1–102(A)(3), (4), (5), and (6) of the *Code of Professional Responsibility*. In accordance with the provisions set forth in Admission and Discipline Rule 23, a Hearing Officer was appointed, a hearing was conducted, and the Hearing Officer has reported his findings to this Court for approval. The Disciplinary Commission has objected to the recommended sanction offered by the Hearing Officer, petitioned for review of this aspect of the tendered report and provided a brief in support of its position.

There being no objection to the findings of fact offered by the Hearing Officer, this Court now accepts and adopts such findings as its own. Accordingly, we find that the Respondent, an attorney subject to the disciplinary jurisdiction of this Court, on or about April 25, 1986, entered into a written agreement with Daniel L. Roberts (Roberts) for the purchase of real property. On June 18, 1986, the Respondent recorded with the Allen County Recorder a Warranty Deed, signed by Roberts, conveying this property to the Respondent. The legal description attached to the recorded deed was prepared at the Respondent's request and was recorded in place of the legal description prepared by Robert's attorney. On August 26, 1986, after realizing that the legal description was incorrect, the Respondent, without the consent of Roberts, obtained the recorded deed from the Recorder, detached the legal description as filed, reattached the legal description initially prepared by Robert's attorney, and rerecorded the deed.

The rerecorded description benefited the Respondent as grantee in that it gave him full benefit of the agreement of April 25, 1986, and it benefited the grantor in that it divested him of ownership of a small parcel of land platted as a street.

In light of the above findings of fact, this Court now concludes that the Respondent, by altering the legal description of a warranty deed signed by the grantor and recording the altered document without first obtaining approval or even giving notice to the grantor as to the alteration, engaged in conduct involving deceit and conduct reflecting adversely on his fitness to practice law, in violation of Disciplinary Rules 1–102(A)(4) and (6) of the *Code of Professional Responsibility*.

Based on the above finding of professional misconduct, the Hearing Officer has recommended that the Respondent be given a private reprimand in that there was no harm intended and the conduct was not detrimental to the grantor. The Disciplinary Commission, in their petition for review, focuses on the character of an act involving the alteration of a recorded document and argues that the recommended sanction is inadequate.

This Court appreciates the Commission's concern for acts involving suggestions of dishonesty. But when all of the circumstances of this case are considered, the alteration present in this case does not appear to be motivated by evil design. Unfortunately, the Respondent attempted to take a "short-cut." Clearly, he was wrong in making this attempt, but this act does not rise to the level which warrants a severe sanction.

Accordingly, by reason of the misconduct found under the complaint filed in this cause, the Respondent, Donald B. Steininger, is hereby publicly reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.